**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Joel Marvin Munt                                          **Case No. 15-cv-582 (SRN/SER)**

          Plaintiff,

vs.                                                                        **ORDER**

Nanette Larson, Director Health Services;
Kathryn Reid, Health Services Administrator;
Shelly Monio, Office and Administrative
Specialist, Senior; Kim Ebeling, Office and
Administrative Specialist, Senior; and Jane and
John Does,
          Defendants.

_____

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Plaintiff Joel Marvin Munt's ("Munt") Motion to Recuse/Disqualify Judge ("Motion to Recuse") [Doc. No. 175]. Munt brings his motion pursuant to 28 U.S.C. §§ 144, 455. (Mot. to Recuse at 1). In support of his Motion, Munt alleges that his disparate treatment clearly demonstrates prejudice on the part of the Honorable Steven E. Rau, thus necessitating his recusal. *See* (*id.* at 8–9). In particular, Munt asserts that Judge Rau's failure to address his motions for extensions while granting a similar request from the Defendants "create[s] an appearance of partiality." *See* (*id.*). Munt also asserts that Judge Rau's actions have harmed his ability to protect his interests. *See* (*id.*). As a result, Munt states that this disparate treatment gives rise to disqualification under 28 U.S.C. § 455. *See* (*id.*).

The Court appreciates Munt's frustrations vis-à-vis his motions, but nothing that Munt alleges can reasonably be interpreted to invoke a reason for recusal under any aspect of 28 U.S.C. § 455. Munt's argument—in essence—is a challenge to the manner in which judge Rau has managed this case. In other words, Munt argues that because he does not agree with the

manner in which Judge Rau has decided aspects of this case, Judge Rau must be disqualified. This argument is unpersuasive. "It is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time that may be granted." *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289 (8th Cir. 1980).

Here Judge Rau is merely exercising his sound discretion to efficiently bring this case to a final disposition, as is his charge under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. Furthermore, Munt's allegations that the manner in which Judge Rau has managed this case has prejudiced him in some way are equally insufficient to support recusal. *Cf. Dossett v. First State Bank*, 399 F.3d 940 (8th Cir. 2005) (stating that "[a]dverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal"). Consequently, Munt has failed to allege any factual basis by which the Court can entertain his Motion.

Based upon all the files, records and proceedings, **IT IS HEREBY ORDERED** that Plaintiff Joel Marvin Munt's Motion to Recuse/Disqualify Judge [Doc. No. 175] is **DENIED.**


Dated: January 12, 2017                          s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Court Judge