UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT, | Case No. 15-CV-0582 (SRN/SER) |
| Plaintiff, | |
| v. | ORDER |
| NANETTE LARSON; KATHY REID; SHELLY MONIO; KIM EBELING; DOCTORS #1-6; HEALTH SERVICES WORKERS #1-6, OPTICIANS #1-4; and RN #1, | |
| Defendants. | |

Plaintiff Joel Marvin Munt requests *in forma pauperis* ("IFP") status on appeal from the dismissal of this action. *See* ECF No. 199. Because Munt is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or appeal of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status on appeal are *not* excused from paying the appellate filing fee altogether, as is the case for non-prisoner IFP appellants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the appellate filing fee in installments, rather than paying the entire amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires the prisoner IFP applicant to pay an initial partial filing fee at the outset of the appeal, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, the "Certificate" section of Munt's IFP application provides information derived from his inmate trust account — as required by § 1915(a)(2) — and shows that the amount of his average monthly deposits during the preceding six-month period was $138.67, while his average daily balance during the same period was $68.16. *See* ECF No. 199 at 6. Because the average monthly deposits amount exceeds the average balance, Munt's initial partial filing fee for his appeal, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be

20 percent of the average monthly deposits, or $27.73. This initial partial filing fee is due immediately. If Munt elects to pursue his appeal, the remaining balance of the $505.00 appellate filing fee will have to be paid in later installments, and prison officials will be authorized to deduct funds from Munt's trust account, as provided by § 1915(b)(2). Munt will be required to pay this filing fee regardless of the outcome of his appeal.

Finally, although the Court remains satisfied that this action was properly dismissed, Munt's current appeal is not "frivolous" as that term has been defined by the Supreme Court. Accordingly, Munt's appeal is found to be taken "in good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted — subject to his payment of the $27.73 initial partial filing fee, as discussed above.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Joel Marvin Munt's initial partial filing fee for the appeal in this matter is calculated to be $27.73. That amount is due immediately.

2. The remaining balance of the $505.00 filing fee for Munt's appeal must be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2).

3. Subject to these requirements, Munt's application to proceed *in forma pauperis* on appeal [ECF No. 199] is GRANTED.

Dated: October 16, 2017  s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge